## VORNDRAN v RIGGS

Ohio Appeals, 9th Dist, Summit Co

No 2646. Decided Feb 27, 1936

Wozniak & Wozniak, Akron, for plaintiff in error.

Davis & Lipps, Akron, for defendant in error.

### OPINION

By STEVENS, J.

Two errors are alleged to have intervened in the trial below.

First, that the verdict is manifestly against the weight of the evidence; and

Second, error in the refusal of the court to include in its general charge, after request by counsel for defendant, instructions upon the questions of contributory negligence, and what constituted "scope of employment."

Recovery by plaintiff was sought against Vorndran upon the principle of respondeat superior.

The evidence discloses that on the morning of July 4th, Hlivko was instructed by his employer to deliver, by truck, some meat, and upon completing that delivery to take the truck to one May's garage for the purpose of having certain adjustments made upon the ignition thereof; after that was completed he was told to bring the truck back to his employer's garage.

All of these things he (Hlivko) did, and then, knowing that his employer had gone to Cleveland, he returned, about an hour later, to his employer's garage, removed the truck, and without authorization so to do, used it for his own purposes, and for no purpose in connection with the business of his employer.

After having used said truck all of the afternoon and evening of July 4th, he took it to his home, where he kept it over night. In taking it back to his employer's garage,

so as to get it there before his employer arose, and before he discovered its absence, the collision occurred.

We are unable to discover where plaintiff has in any way established that Hlivko at the time of the collision was acting as the agent of Vorndran, or within the scope of his employment, if acting as agent. In fact, we are unanimously of the opinion that reasonable minds may reasonably reach but one conclusion; which is, that Hlivko, at the time of the collision, was not acting as the agent of Vorndran, within the scope of his employment.

It therefore follows that we are of the opinion the motion for a directed verdict, made by defendant at the conclusion of all of the evidence, should have been sustained.

The determination of that question obviates any extended discussion of the other alleged errors. Suffice it to say, we are of the opinion that the court should have defined what was meant by the term "scope of employment" after being requested so to do by counsel for defendant.

The judgment of the trial court is reversed, and this court now rendering the judgment which the trial court should have rendered, orders that final judgment be entered in favor of the defendant, at plaintiff's costs.

FUNK, PJ, and WASHBURN, J, concur in judgment.